UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSE PIZARRO,                                        :
                                                     :      09 CV 111 (HB) (DF)
                           Petitioner,               :
                                                     :      **OPINION & ORDER**
             -against-                               :
                                                     :
JAMES T. CONWAY, Superintendent,                     :
                                                     :
                           Respondent.               :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:[1]**

Pro se petitioner Jose Pizarro brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence on charges of attempted murder in the second degree. Petitioner is currently serving a prison term of 25 years for this offense. Magistrate Judge Freeman issued a Report and Recommendation ("R&R"), in which she recommends that Petitioner's petition be denied. Petitioner filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, to which the Government did not respond. After considering these arguments, this Court approves, adopts, and ratifies Magistrate Judge Freeman's R&R in its entirety and denies the § 2254 petition.

## I. BACKGROUND

**A.    Procedural History**

Petitioner's case originates from an incident that took place on November 10, 1989, in which he had an altercation with Gilberto Torres that resulted in Torres' death from multiple gunshot wounds. The Petitioner, the witnesses, and the forensic evidence in this case all suggest different stories as to the intent involved in the killing, and each version is detailed in the R&R. On October 4, 1990, the jury found Petitioner guilty of murder in the second degree pursuant to N.Y. Penal Law § 125.25. The trial judge sentenced Petitioner to the maximum sentence of 25 years to life imprisonment and recommended against parole.

Petitioner appealed his conviction directly. The Appellate Division, First Department, unanimously affirmed the conviction. *People v. Pizarro*, 585 N.Y.S.2d 406 (N.Y. App. Div., 1st

---

[1] Jason Douglas Barnes, a second-year student at New York University School of Law and a 2010-2011 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

Dep't 1992), *appeal denied*, 80 N.Y.2d 908 (1992). It found that: (1) the trial court did not err in disallowing evidence of Torres' prior acts of violence because Pizarro did not offer proof that he was aware of that reputation at the time of the altercation; (2) Petitioner's challenge to the prosecutor's statement in summation, implying that Petitioner had the burden of proof, was not preserved because Petitioner did not object at the time the alleged statements were made; (3) Petitioner's contention that he was deprived of a fair trial when the court extensively questioned testimony of his witness was also not preserved because he failed to object at trial, and he did not specify any conduct evincing bias. *Id.*

On March 20, 2007, Petitioner moved to vacate his conviction pursuant to section 440.10 of the New York Criminal Procedure Law. He claimed, among other things, that new evidence from three first-hand witnesses demonstrated his actual innocence. On August 8, 2007, the New York Supreme Court found that the witnesses' affidavits were not credible and denied Petitioner's motion. On October 18, 2007, the Appellate Division denied Petitioner's appeal.

Petitioner commenced this action on October 1, 2008, arguing that he had secured three additional witnesses whose testimony would prove actual innocence of second degree murder. On January 7, 2009, the Court directed Petitioner to submit an affidavit within 60 days, showing why the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-13, 110 Stat. 1214, 28 U.S.C. § 2244, should not bar his petition. Petitioner responded that evidence of actual innocence should overcome any time-bar to his claims under *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995). Respondent answered and Petitioner submitted supplemental arguments.

**B.**     **Magistrate Judge Freeman's Report & Recommendation**

After carefully evaluating the submissions, Magistrate Judge Freeman recommended that Petitioner's application for a writ of habeas corpus be denied. The R&R opines that the claims are time barred under AEDPA, which requires that a petitioner file within one year of the latest of four dates, in this case "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The judgment became final in November, 1992, 90 days after Petitioner's final appeal was denied, s*ee Pizarro*, 80 N.Y.2d 908, and Petitioner was also allowed an additional one-year grace period from AEDPA's effective date of April 24, 1996. The R&R denies and refutes the arguments that Petitioner made as to why this limitation should not apply. First, the statute of limitations did not begin to run anew with the finalization

of his section 440.10 motion on October 18, 2007.  Section 2244(d)(2) provides that an application for State collateral review tolls, but does not restart, the applicable statute of limitations.  Second, to the extent that a showing of actual innocence may overcome the statute of limitations,[2] Petitioner's purportedly new evidence is not credible or different enough from the evidence presented at trial to establish a probability that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  The R&R based its finding on two grounds: the presumption that a state court's prior review of the evidence is correct without clear and convincing evidence to rebut that finding and a lack of credibility in the witness testimony itself.

**C.     Pizarro's Objections**

Petitioner objects to the R&R on the grounds that: (1) he should have been granted an evidentiary hearing to assess the credibility of his new witnesses, the denial of which he claims violates his habeas right as well as his First, Sixth, Ninth and Fourteenth Amendment rights; and (2) the R&R was incorrect in finding that he failed to show that the doctrine of "equitable tolling" should overcome the statute of limitations.  In a supplemental letter to the Court dated December 3, 2010 Petitioner withdrew certain references to the Fifth Amendment within his supplemental memorandum of law.

## II. STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge.  28 U.S.C. § 636(b)(1); *New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 414 (S.D.N.Y. 2009).  This Court reviews *de novo* those parts of the R&R to which objections are made, and reviews the remainder for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Perimeter Interiors,* 657 F. Supp. 2d at 414.  "When a party makes only generalized or conclusory objections, or simply reiterates his original arguments, the Court reviews a magistrate judge's report and recommendation for clear error." *Perimeter Interiors,* 657 F. Supp. 2d at 414.  However, motions by *pro se* litigants "must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (internal quotation marks and citations omitted).

---

[2] The R&R points out that it is an open question among courts whether a showing of actual innocence may indeed overcome the statute of limitations.

### III.  DISCUSSION

A.   **The Denial of a Hearing to Assess Witness Credibility**

Petitioner asserts that his section 2254 proceeding should have included a hearing to determine the credibility of his witnesses and that its failure to do so has deprived him of his rights to due process, habeas corpus review, access to the courts, and right to obtain witnesses.

Section 2254, gives effect to Petitioner's right to habeas review and states that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on… (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). However, "an evidentiary hearing is not always necessary to resolve the type of factual dispute presented in this case. Instead, an affidavit… may be sufficient." *Samper v. Greiner*, 74 Fed. App'x 79, 83-84 (2d Cir. 2003). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.  Because the deferential standards prescribed by § 2254 control whether to grant habeas relief,… if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (U.S. 2007) (internal citations omitted). *See also Williams v. Coyle*, 260 F.3d 684, 698 (6th Cir. 2001).[3]

In Petitioner's case, the R&R reviewed the record from the State court proceeding and found that the witnesses, on which Petitioner based his actual innocence claim, could have been discovered through exercise of due diligence.  It further found that, even if the witnesses had been available at trial, their evidence is not sufficiently clear and convincing to establish that no reasonable fact finder would have found Petitioner guilty.  That finding was based on the

---

[3] It is true that "if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding… the federal court must hold an evidentiary hearing to resolve all facts that 'are in dispute.'" *Jefferson v. Upton*, 130 S.Ct. 2217 (2010). Congress amended the statute to include 8 circumstances which require a hearing.  However, in this case a full and fair evidentiary hearing was given at trial and that record, along with the affidavits from the new witnesses, are sufficient to adequately determine credibility from the record.

4

witnesses' long delay, their relationship to Petitioner, and the contradictions in their stories. These considerations are discussed by the R&R in detail, and are evidenced by affidavits included in the record. They provide sufficient grounds to find a lack of credibility without the need for an evidentiary hearing. *See Samper*, 74 Fed. App'x at 83-84.

**B.   Error in the Report and Recommendation's consideration of equitable tolling**

Petitioner's other challenges merely reiterate the arguments he made previously to Magistrate Judge Freeman. Petitioner's invocation of the doctrine of equitable tolling rephrases the same argument the R&R denied: that he should be excused from the statute of limitations because he could not have discovered the additional witnesses until 2007. The R&R has decided this issue after fairly considering the evidence put before it. As the R&R is without clear error with respect to its judgment of Petitioner's arguments, I must adopt that judgment. *See* § 636(b)(1); *Perimeter Interiors*, 657 F. Supp. 2d at 414.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's objections to Magistrate Judge Freeman's November 1, 2010 R&R are without merit. Because the remainder of the R&R is without clear error, this Court approves, adopts, and ratifies it in its entirety. Accordingly, Petitioner's § 2254 application for writ of habeas corpus is DENIED.

The Clerk of Court is directed to close this matter and remove it from my docket.

SO ORDERED
December 15, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.